UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL WASHINGTON,

    Plaintiff,

vs.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

The Plaintiff, MICHAEL WASHINGTON ("WASHINGTON"), by and through the undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     WASHINGTON was at all times relevant a plan participant under the

Southstar, LLC. Group Disability Income Policy (the "LTD Plan").[1]

3. Defendant, LINA, is a Corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Southstar, LLC ("Southstar")., and pursuant to which WASHINGTON is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, WASHINGTON is entitled to LTD benefits for the duration of his disability, for so long as WASHINGTON remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, and can be found in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. WASHINGTON incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, WASHINGTON was an employee or former employee of Southstar. and a plan participant under the terms and conditions of the LTD

---

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

2

Plan.

8. During the course of WASHINGTON's employment, he became disabled and entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while WASHINGTON was covered under the LTD Plan WASHINGTON suffered disabilities resulting in Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. As it relates to WASHINGTON's current claim for benefits, "Disability" / "Disabled" is defined to mean:

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

10. Due to restrictions and limitations arising from "sickness", WASHINGTON made a claim to LINA for benefits under the LTD Plan beginning August 31, 2016.

11. Soon after submitting notice of claim and proof of loss, LINA notified WASHINGTON that his claim was being approved.

12. LINA paid WASHINGTON long-term disability benefits from February 27, 2017 through May 26, 2018.

13. After receiving long-term disability benefits since February 27, 2017, on or about May 24, 2018, LINA notified WASHINGTON that it had determined that

benefits were not payable and terminated his claim.

14. WASHINGTON timely appealed LINA's adverse benefit determination.

15. On or about July 3, 2018, LINA affirmed its adverse determination and upheld its decision to deny WASHINGTON's LTD benefits.

16. WASHINGTON has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

17. LINA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to WASHINGTON at a time when LINA and the LTD Plan knew, or should have known, that he was entitled to those benefits under the terms of the LTD Plan.

   b. After WASHINGTON's claim was terminated, LINA failed to adequately describe to WASHINGTON any additional material or information necessary for WASHINGTON to perfect his claim along with an explanation of why such material was necessary.

   c. LINA failed to properly and adequately investigate the merits of WASHINGTON's disability claim and failed to provide a full and fair review of WASHINGTON's claim.

18. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, WASHINGTON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding WASHINGTON's claim for benefits, WASHINGTON, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1),

WASHINGTON is entitled to have such fees and costs paid by LINA.

20. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, WASHINGTON is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, MICHAEL WASHINGTON prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due since said benefits were terminated and discontinued;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff

2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/Cesar Gavidia*

Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com